UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JO ANNA CANZONERI McCORMICK.

       Plaintiff,

       -against-

GOOD HUMOR, A Business Entity et al.; JOHN
DOES 1-1000; JOHN DOES COMPANYS 1-1000;
JANE DOES 1-1000; JANE DOES COMPANYS 1-
1000; JOHN DOES CORPORATIONS 1-1000; and
JANE DOES CORPORATIONS 1-1000 INCLUSIVE,

       Defendants.
----------------------------------------------------------X
JO ANNA CANZONERI McCORMICK.

       Plaintiff,

       -against-

SNAPPLE, A Business Entity et al.; JOHN DOES
1-1000; JOHN DOES COMPANYS 1-1000; JANE
DOES 1-1000; JANE DOES COMPANYS 1-1000;
JOHN DOES CORPORATIONS 1-1000; and JANE
DOES CORPORATIONS 1-1000 INCLUSIVE,

       Defendants.
----------------------------------------------------------X
JO ANNA CANZONERI McCORMICK.

       Plaintiff,

       -against-

SHAMROCK FARMS, A Business Entity et al.;
SHAMROCK DAIRY FARMS, A Business Entity et
al.; SHAMROCK FARMS DAIRY, A Business Entity
et al.;JOHN DOES 1-1000; JOHN DOES COMPANYS
1-1000; JANE DOES 1-1000; JANE DOES
COMPANYS 1-1000; JOHN DOES
CORPORATIONS 1-1000; and JANE DOES
CORPORATIONS 1-1000 INCLUSIVE,

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y
★ DEC 22 2011 ★
BROOKLYN OFFICE

**MEMORANDUM
DECISION AND ORDER**

11-CV-6206 (BMC)

11-CV-6207 (BMC)

11-CV-6208 (BMC)

Defendants.
------------------------------------------------------------x
JO ANNA CANZONERI McCORMICK,

Plaintiff,

-against-                                          11-CV-6209 (BMC)

HERSHEY'S, A Business Entity et al.; HERSHEY,
A Business Entity, et al.; JOHN DOES 1-1000; JOHN
DOES COMPANYS 1-1000; JANE DOES 1-1000;
JANE DOES COMPANYS 1-1000; JOHN DOES
CORPORATIONS 1-1000; and JANE DOES
CORPORATIONS 1-1000 INCLUSIVE,

Defendants.
------------------------------------------------------------x
JO ANNA CANZONERI McCORMICK,

Plaintiff,

-against-                                          11-CV-6210 (BMC)

BEN AND JERRY'S, A Business Entity et al.; JOHN
DOES 1-1000; JOHN DOES COMPANYS 1-1000;
JANE DOES 1-1000; JANE DOES COMPANYS 1-
1000; JOHN DOES CORPORATIONS 1-1000; and
JANE DOES CORPORATIONS 1-1000 INCLUSIVE,

Defendants.
------------------------------------------------------------x
JO ANNA CANZONERI McCORMICK,

Plaintiff,

-against-                                          11-CV-6211 (BMC)

NESQUIK, A Business Entity et al.; JOHN DOES 1-
1000; JOHN DOES COMPANYS 1-1000; JANE
DOES 1-1000; JANE DOES COMPANYS 1-1000;
JOHN DOES CORPORATIONS 1-1000; and JANE
DOES CORPORATIONS 1-1000 INCLUSIVE,

Defendants.
------------------------------------------------------------x

JO ANNA CANZONERI McCORMICK.

Plaintiff,

-against-                                                            11-CV-6212 (BMC)

BREYERS, A Business Entity et al.; JOHN DOES
1-1000; JOHN DOES COMPANYS 1-1000; JANE
DOES 1-1000; JANE DOES COMPANYS 1-1000;
JOHN DOES CORPORATIONS 1-1000; and JANE
DOES CORPORATIONS 1-1000 INCLUSIVE,

Defendants.

-----------------------------------------------------------------x

JO ANNA CANZONERI McCORMICK.

Plaintiff,

-against-                                                            11-CV-6213 (BMC)

UNILEVER, A Business Entity et al.; JOHN DOES
1-1000; JOHN DOES COMPANYS 1-1000; JANE
DOES 1-1000; JANE DOES COMPANYS 1-1000;
JOHN DOES CORPORATIONS 1-1000; and JANE
DOES CORPORATIONS 1-1000 INCLUSIVE,

Defendants.
-----------------------------------------------------------------x

**COGAN**, District Judge:

Plaintiff Jo Anna Canzoneri McCormick, appearing *pro se*, filed these eight actions seeking damages. The complaints are identical except for the defendants' names and slight differences in the attachments. The actions are therefore consolidated for the purpose of this Order. Plaintiff's requests to proceed *in forma pauperis* are granted solely for the purpose of this Order, but the actions are hereby dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

## BACKGROUND

The caption on each of the eight complaints states that the bases for plaintiff's claims are: "breach of a contract; negligence; fraud; discrimination; civil rights; [and] constitutional rights." As best the Court can tell, plaintiff alleges that she is the "inventor" of a product named "Shake Ice Cold, Frozen or Malt" and the defendants have unlawfully appropriated her idea. On the "product description form" attached to the complaint, the idea's unique features are listed as: "a little bite of milk, a little bite of sherbert [sic], a little bite of ice cream, a little bite of sysup [sic], a little bite of carnation malt, a little bite of water or seltzer." Plaintiff appears to have contacted each of the defendants with her vague assertions regarding the "Shake Ice Cold, Frozen or Malt." From the correspondence attached to many of the complaints, it is clear that these companies were unable to understand what she was trying to claim or had no record of any agreement with plaintiff.[1]

## DISCUSSION

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).

---

[1] For example, Dr. Pepper Snapple Group wrote to plaintiff as follows: "[We are] unable to provide you with an informed response to your claims or demands. If you wish for [us] to provide a more detailed response, please provide more information, including a detailed explanation that forms the basis of your belief in these claims." Unilever explained to plaintiff that it "does not accept confidential unsolicited ideas for products from consumers." Ben & Jerry's wrote: "Unfortunately, we have no record of you in our database."

4

However, pursuant to the *in forma pauperis* statute, a district court must dismiss a case if the court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728 (1992).

These actions are "frivolous" within the meaning of 28 U.S.C. § 1915(e)(2)(B) for two primary reasons. First, the Court finds that plaintiff's complaints are based on an indisputably meritless legal theory. See Livingston, 141 F.3d at 437; Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827 (1989) ("claims of infringement of a legal interest which clearly does not exist" are an example of an indisputably meritless legal theory). Second, plaintiff's claims are factually frivolous because they are premised on her belief that she invented the milk shake. This factual allegation is too far-fetched and delusional for the Court to accept. All eight of plaintiff's complaints must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure provides an additional basis for dismissing her complaint. Rule 8 requires a plaintiff to provide "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Rule 8 "demands more than an unadorned, the-

5

defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Plaintiff's complaints are incomprehensible and contain no facts to show that she has any proprietary interest in the milk shake or that defendants took any actions to infringe any of her rights.

The Court has considered affording plaintiff an opportunity to amend the complaints. However, because the deficiencies in the complaints are based on a delusional theory that could not be cured by amendment, the Court concludes that it would be futile to grant leave to amend. See O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 69 (2d Cir. 2002) ("a district court may deny leave to amend the complaint if the amendment would be futile"). It is important that the Court and defendants not be required to expend resources on patently frivolous litigation.

## CONCLUSION

For the reasons set forth above, the complaints are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(I). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied in each of these actions for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

BRIAN M. COGAN
United States District Judge

Dated: Brooklyn, New York
December 22, 2011